### C. A. REID v. F. BEYLE.

REFEREE—*Findings—Right of Court to Correct Erroneous Items in Settlement.* In an action to set aside a settlement between parties on the ground that it was obtained by fraud and misrepresentations, it was found by the referee that the settlement should be set aside and opened as to three particular items, and that the remainder should stand; and this finding was approved by the trial court, and there was evidence tending to support it. *Held,* That as the findings as to the three particular items, and as to the balance of the settlement, are not contradictory, therefore the district court was authorized to correct the particular wrong, and leave the settlement otherwise undisturbed. The case of *Turner v. Otis*, 30 Kas. 1, cited, and followed.

*Error from Labette District Court.*

THE opinion states the case. At the February term, 1886, judgment for $494.99 was rendered for plaintiff *Beyle,* and against defendant *Reid,* who brings it here for review.

*Cowley & Wiswell,* for plaintiff in error.

*Morrison & McCune,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Labette county, on the 8th day of September, 1882. The issues were tried before a referee, and he reported that there was due from the plaintiff to the defendant the sum of $291.66, and this report was confirmed, and a judgment rendered for that amount. The case was then brought to this court and reversed, (31 Kas. 113.) A reference to that case will show all the facts omitted in this opinion. The plaintiff then amended his petition, and by distinct causes of action charged the defendant with damages occasioned by his neglect of business and want of attention to ordinary duty, and with interest on the capital invested, in all, the sum of $1,390.20. A second cause of action was the payment of a pretended freight bill, amounting to $90. The third cause of action was for the sum of $500, an overcharge on a large bill of goods purchased by the defendant for the plaintiff, wherein the defendant claimed to have paid $500 more than the goods cost. The fourth cause of action was to recover the sum of $1,800, claimed to have been advanced by the defendant for the use and benefit of the plaintiff in the business; but this sum also included a part of the salary of the defendant, which by written contract was to be $1,000 per year. It is then alleged by the plaintiff that a pretended settlement by the parties about the first day of July, 1882, was procured by the defendant by the use of false and spurious books of account, which the defendant averred were the correct accounts between them, and the plaintiff, relying on these representations, gave the defendant a note for said sum of $1,800; and therefore that said settlement was procured by the fraud of the defendant.

The defendant answered, alleging a complete, fair and full settlement of all accounts between them on the first day of July, 1882; that he had advanced large sums of money for the use and benefit of the plaintiff, and that there was found due him on said settlement the sum of $1,812.73, for which sum the plaintiff executed two promissory notes, and secured

the payment of the same by a chattel mortgage on the stock of furniture; that there was due him in addition to this the sum of $291.66 on the contract of employment, as a balance of his salary for the year; that, conducting the business in his own name, but for the benefit of the plaintiff, he became personally responsible for the rent of a store-room at the rate of $41.65 per month, and for the personal tax on said stock of furniture; that at the date of this settlement, certain personal property was turned over to him to indemnify him for the payment of these sums for which he became personally liable. He prayed for an accounting for all matters of difference between them since the date of the settlement, and made other prayers for relief. By way of reply, the plaintiff filed a general and some specific denials of the allegations contained in the answer.

All the issues were referred to a referee, who heard all the evidence, and made a voluminous report in detail of all the various transactions between the parties. Exceptions were filed to the report of the referee and were overruled, and the report confirmed; and a judgment was rendered against the defendant for the sum of $494.99. All necessary exceptions were saved, and the case is here for review on the whole record. The findings of fact by the referee are too lengthy to be copied into the opinion, and we can only say in a general way that most of them seem to be supported by the great weight of the evidence, while there is some evidence tending to support the others. The conclusion of law to the settlement made on the 1st day of July, is as follows:

"That the settlement made between the parties hereto as aforesaid, should be set aside and opened, so far as the items and matters are concerned, named in findings of fact Nos. 10, 11 and 12, and that the remainder of said settlement shall stand."

On the question of the discharge of the defendant from the employment of the plaintiff the conclusion is, that the discharge was not wrongful.

I. We cite these conclusions in full, because the principal

contention of counsel for plaintiff in error is directed against them, and particular stress is laid upon the claim that this settlement could not be disturbed, or set aside, without clear proof of fraud, accident, or mistake. The case of *Turner v. Otis*, 30 Kas. 1, is invoked to aid this conclusion; but this case strongly supports the action of the referee, and the trial court; and indeed the finding and conclusions of the referee, in respect to the settlement, seem to have been guided by the principle declared in that case. The petition alleged fraud, misrepresentation and deceit, in respect to certain items in the settlement of July 1, 1882. The answer alleged that it was a fair, full and complete adjustment. The referee found and concluded that the settlement should stand as made by the parties, except as to the items specified in findings of fact Nos. 10, 11 and 12. The *Turner v. Otis* case declares:

"Where one partner brings an action to set aside a settlement on the ground that it was obtained by fraud, deceit, misrepresentations, threats, and fear, and upon the trial it is found that there was misrepresentation and deceit as to some matters, it does not follow that the entire settlement must be set aside and a new accounting ordered. If the misrepresentation is only as to some minor matter, and the settlement as a whole does not appear to have been fraudulently made, the court may simply correct the particular wrong, and leave the settlement otherwise undisturbed. Each case must be determined on its own merits, and no arbitrary rule can be laid down."

Now that is just what was done in this case by the referee. The great body of the settlement, a hundred items or more, was left undisturbed, but the settlement was corrected as to a few items about which there were specific allegations in the pleadings, and a mass of evidence. We regard the special findings of fact by the referee, when approved by the trial court, the same as if they were made by a jury, and if there is any evidence to support them, we shall not undertake to weigh that for and against. We find no material error in the action of the referee and court on the questions arising on the settlement.

II. As to the discharge of the defendant by the plaintiff, it is expressly found that it was not wrongful; and if it was not, if the action of the defendant justified the plaintiff in dismissing him from his service, that justification is a bar to his right to recover for the residue of his salary. We think that the evidence not only tends to, but does strongly support this finding of the referee; and on this question we have no lingering doubt to perplex us.

III. We find no clear statement in the record of any claim or demand made by Reid on the witness stand for the rent of the buildings, for the taxes which he claims to have paid or become responsible for in his answer to the amended petition. It was certainly his duty to have presented such demands to the referee, and established them by his own or other proper evidence. The nature of the claims is such that they were easily susceptible of positive proof. There are no findings respecting them, probably because there was no satisfactory proof of their existence. Our attention has not been called to the evidence that sustains them; it has only been directed to the fact that among the special findings of the referee there is no reference to any one of them. We think the referee has very faithfully and intelligently considered the facts; the trial court has approved the findings and conclusions; and there is apparent in the record no material error which authorizes a reversal.

It is therefore recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.