C. Aultman & Co. vs. Ritter and another.

---

C. Aultman & Co., Appellant, *vs.* Ritter and another, Respondents.

*February 5 — February 23, 1892.*

*Agency: Commissions, when due: Attorney and client: Privileged communications: Evidence: Copy of chattel mortgage.*

1. Although it had been agreed that an agent's commissions on the sale of property should not be due until the property was paid for, evidence that judgment had been obtained on notes taken for the property and that the principal had released such judgment, accepted other security for the debt, extended the time of payment thereof several years, and assured the agent that his commissions were thereby fully earned and payable,— is sufficient to support a verdict for the recovery of such commissions.

2. An agent claimed commissions on a sale of certain machinery for his principal, and also on a subsequent sale of the same machinery after the principal had again acquired title thereto by buying it in under a chattel mortgage given by the first purchaser. The question being whether such sales by the agent were made for the principal or for a third person, the attorney of the principal was compelled to testify that he had received a check from the principal with which to pay the fees and charges of the person who had made the sale under the chattel mortgage, and that he paid such fees and charges therewith. *Held*, that this was not a violation of sec. 4076, R. S., which provides that an attorney at law "shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment."

3. A copy of such chattel mortgage was offered in evidence to show that the principal was the mortgagee. It was proved that such copy was the same instrument under and by virtue of which the machinery was sold, and that the principal had furnished the same as evidence of authority to make such sale. *Held*, that the copy was admissible, the principal having given it credit as an original.

APPEAL from the Circuit Court for *Grant* County.

The plaintiff is a corporation and manufacturer of machinery at Canton, Ohio, and for several years before the commencement of this action the defendants were the agents of the plaintiff at Boscobel in this state for the sale of agricultural machinery. This action is to recover of defendants a balance of $313.87, alleged to be due plaintiff on account of moneys received by defendants for machinery sold by them. Defendants admit their liability to account for a balance of $250.87, and deny their liability for an item of $63 for a second-hand reaper included in the $313.87 claimed by plaintiff. Defendants counterclaim for commissions on sale of an engine and saw-mill, $185.50; on a second sale of the same property, $50; on agricultural machinery sales, $48.62; for cash paid for freight, $16.75; and for mistake in note, forty cents; total, $301.27.

The cause was tried, and defendants recovered judgment for $50.40, pursuant to the verdict of the jury, after $10 had been remitted therefrom. A motion on behalf of plaintiff for a new trial was denied. The case is further stated in the opinion. The plaintiff appeals from the judgment.

For the appellant there was a brief by *W. G. Palmer* and *E. E. Burns*, attorneys, and *W. E. Carter*, of counsel, and the cause was argued orally by *Mr. Carter*.

*R. D. Blanchard*, for the respondents.

LYON, C. J. 1. The verdict and judgment undoubtedly include all the charges in defendants' counterclaim, and allow plaintiff's claim, less $63 for the reaper. It was said

in the argument that on the trial the plaintiff abandoned the charge of $63 in its account. But, however that may be, the evidence is sufficient to support a finding that it is not a proper charge against defendants. This disposes of the plaintiff's cause of action.

2. The two items in the counterclaim of $16.75 and forty cents were also sufficiently proved, and no further reference need be made to them. The remaining items in the counterclaim are disputed charges for commissions. These will be briefly considered.

The sale of the engine and saw-mill was a transaction outside the regular agency of defendants. The testimony tends to show that they made a special contract with plaintiff, through its duly authorized agent, to the effect that if they sold the property they should have ten per cent. commission on the price for which it sold; that they sold it to one Marsh for $1,855, and that the plaintiff forwarded the property from Ohio to be delivered to Marsh. On the other hand, there is testimony tending to show that the firm of W. G. & W. Barnes, of Freeport, Ill. (which firm was the general agent of plaintiff for its Wisconsin business), purchased the engine and saw-mill of the plaintiff, and that defendants sold the same for them and not for the plaintiff. There being a conflict of testimony, it was for the jury to determine whether plaintiff or its Freeport agents were liable to the defendants for their commissions on such sale. The jury found that the plaintiff was so liable, and their verdict in that behalf cannot be questioned on appeal.

Marsh gave notes and a chattel mortgage on the property running to plaintiff for the price of the property. Such notes remaining unpaid after maturity, the property was seized on the chattel mortgage and sold either to plaintiff or its Freeport agents. As to which of these was the purchaser there was also a conflict of testimony. It is clear that the jury found the plaintiff was such purchaser. The

C. Aultman & Co. vs. Ritter and another.

testimony tends to show that an agent of plaintiff agreed in its behalf that if defendants would find another purchaser for the same property they should be paid $50 commissions on the sale, and that defendants found such purchaser. This testimony supports the verdict which allows defendants that commission.

The balance of $48.62, charged in the counterclaim, is for unpaid commission on machinery sold by defendants for plaintiff in the line of their agency, but which had not been paid for when this action was commenced. The agreement between the parties was that commissions should not be due until the property in the sale of which the commissions were earned should be paid for. There was testimony, however, to the effect that judgment had been obtained on the notes taken for such property; that the plaintiff, through its agent, released the judgment, accepted other security for the debt, extended time of payment thereof several years, and assured defendants that their commissions were thereby fully earned and payable. This testimony is sufficient to support the recovery of that item.

We conclude that the verdict cannot properly be disturbed for want of testimony to support it.

3. On the trial Mr. Wilson, who had had been the attorney for plaintiff through the whole time of the above transactions, was compelled by the court, against. objection, to testify that he received a check from plaintiff with which to pay the fees and charges of the person who made the sale under the Marsh chattel mortgage, and that he paid such fees and charges therewith. This is claimed to be a violation of sec. 4076, R. S., which provides that "an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment." We think otherwise. There was no communication made by or on behalf of plaintiff to Mr. Wilson for

his advice thereon, no advice was given, and there was nothing confidential in the transaction.

4. A copy of the Marsh chattel mortgage was offered in evidence by defendants to show that such mortgage was executed to plaintiff as mortgagee. After it was proved that the copy offered was the same instrument under and by virtue of which the engine and saw-mill were sold, and that the plaintiff furnished the same as evidence of authority to make such sale, the copy was admitted in evidence. We discover no error in this. By its conduct in respect to the instrument the plaintiff gave it credit as an original, and should not be permitted to deny its authenticity as such.

We find no error in the record, and must therefore affirm the judgment of the circuit court.

*By the Court.*— Judgment affirmed.