[No. 3704. Decided January 10, 1901.]

JAMES H. PRICE, *Respondent*, v. JOSEPH T. MITCHELL *et al.*, *Appellants*.

BILLS AND NOTES—EXTENSION OF TIME—CONSIDERATION.

An agreement to extend the time of payment of a promissory note is not supported by a valid consideration, where the maker agrees to pay a lower rate of interest than that provided in the note, from the date of its execution up to the time of extended payment, while the note required no interest between date of execution and maturity, when the sum which the maker thus agrees to pay in consideration of extension is less than what is actually due on the note at the time of the agreement.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*Fogg & Fogg,* for appellants:

Upon the point that the rule constituting an agreement to pay part of what is due a *nudum pactum* is not applicable where the thing given is something other than part of what was due, and that in the case at bar the thing given

was not part of anything that was due, counsel cite *Sibree v. Tripp,* 15 M. & W. 22; *Bidder v. Bridges,* 37 Ch. Div. 406; *Jaffray v. Davis,* 124 N. Y. 164 (11 L. R. A. 710); *Pinnel's Case,* 5 Rep. 117a.

*Albert E. Joab,* for respondent.

The opinion of the court was delivered by

WHITE, J.—The question for the consideration of the court on this appeal is presented by plaintiff's demurrer to defendants' amended answer and affirmative defense to plaintiff's complaint. The complaint states as plaintiff's cause of action: That the defendants, for value received, made, executed, and delivered to plaintiff herein their certain promissory note in the words following:

"$800.                     Tacoma, Wash., May 6th, 1891.

Sixty days after date, without grace, we jointly and severally promise to pay to the order of James H. Price, at the Bank of British Columbia, in this city, eight hundred dollars, for value received, with interest after maturity at the rate of twelve per cent. per annum until paid. Principal and interest payable in U. S. gold coin; and, in case suit is instituted to collect this note or any portion thereof, we promise such additional sums as the court may adjudge reasonable as attorney's fees in said suit.

JOSEPH T. MITCHELL.
SUSAN ELIZABETH MITCHELL.
WILSON F. SMITH.

Bank of British Columbia, Tacoma, Washington."

That that note is now due, and that it has not been paid; and plaintiff demands judgment for the amount claimed to be due on it. The answer of the defendants to this complaint admits the making of the note, but denies that any sum is now due thereon. As an affirmative defense to the action, and as a reason why nothing is now due on said note, defendants allege that on or about the 16th day

of September, 1898, these answering defendants, being then unable to pay the note herein sued on, and being desirous of obtaining an extension of the time of payment of the same, entered into an agreement with plaintiff, said agreement being partly oral and partly in writing, and made and entered into in consideration of their mutual promises and agreements, whereby these answering defendants on their part promised and agreed to pay to said plaintiff interest on the principal sum set forth in said note at the rate of 10 per cent. per annum from the date of said note, to-wit, from May 6, 1891, till the 16th day of September, 1898, and at the rate of 8 per cent. per annum thereafter; a part of said time, to-wit, from May 6, 1891, to July 5, 1891, the time from the date till the maturity of the note, being a period during which defendants had never before promised or agreed to pay any interest, and now for the first time did promise and agree to pay interest; and, further, to pay to plaintiff on or before the 16th day of September, 1900, the whole amount of the principal of said note and the interest so agreed to be paid; it being agreed that, in case of their failure so to do, the interest was to stand as stated in said note, i. e., at the rate of 12 per cent. per annum from the maturity of said note, to-wit, from July 5, 1891; and whereby the said plaintiff on his part and in consideration of the said promises of said defendants, promised and agreed to extend the time of payment of said note to the 16th day of September, 1900, and to accept interest at the rates in said oral and written agreement by said defendants promised to be paid. As a part of said extension agreement the said James H. Price then and there made, executed, and delivered to these defendants the following writing, to-wit:

"Albert E. Joab, Attorney and Counselor at Law, Merchants National Bank Building, Rooms 508, 509 and 510, Cor. Eleventh and Pacific Avenue, Tacoma, Wash., Sept. 16, 1898:

"I hereby agree to accept ten per cent. interest on one certain promissory note due me from Joseph T. Mitchell, Susan Elizabeth Mitchell and Wilson F. Smith, from the date thereof until the 16th day of September, 1898, and eight per cent. interest from said 16th day of September, 1898, provided the principal and interest shall all be paid on or before the 16th day of September, 1900; otherwise, the interest is to stand as in the note stated—twelve per cent.

(Signed)            "JAS. H. PRICE."

In the making of said agreement the said defendant Joseph T. Mitchell in that behalf acted for himself and as agent for his co-defendant, Susan Elizabeth Mitchell. The court sustained the demurrer and gave judgment for the plaintiff. The error assigned is that the court erred in sustaining plaintiff's demurrer to defendants' amended answer and affirmative defense, and in giving judgment for plaintiff.

When there is a sufficient consideration to support an agreement to extend the time for the payment of a note, such agreement may be pleaded in bar to an action on the note. Was there anything in the agreement set out in the answer on the part of the defendants Mitchell and wife from which the plaintiff would derive a benefit or advantage? If so, there is a consideration to support the agreement; otherwise, there is not. *Staver & Walker v. Missimer,* 6 Wash. 173 (32 Pac. 995, 36 Am. St. Rep. 142).

When this agreement was made there was a definite and ascertainable sum due upon the note, and under the terms of the note there would be due a definite and ascertainable sum on September 16, 1898. The sum the defendants

agreed to pay amounted to much less than was due or
would become due under the terms of the note, notwith-
standing interest was to be computed for two months longer
time than provided for in the note.   In short, the de-
fendants promised to pay a less sum than they were obli-
gated to pay; and, for the reason that the computation was
to be on a different basis from that provided for in the
note, they claim a sufficient consideration arises to sup-
port the agreement to extend the time of payment.   What
benefit or advantage was it to the plaintiff to make a
reduction of the debt due him of $102.04, up to the 16th
day of September, 1898, and a reduction on the interest
of $32 per annum after that date?   What did he receive
for this but the mere naked promise of the defendants to
pay such less sum, when they were obligated by their
contract to pay, not only the smaller sum, but the addi
tional sum we have indicated?   As was said by the
supreme court of Indiana, in the case of *Wolford v. Pow-
ers*, 85 Ind. 294 (44 Am. Rep. 16):

"A money consideration is capable of exact and defi-
nite admeasurement; its value is fixed and unalterable,
and there can not be any uncertainty as to its adequacy
or inadequacy.   The parties really exercise no judgment
in passing upon its value, for that never is in doubt.   Courts
can, therefore, pass upon its sufficiency without infringing
the rule that where the parties have for themselves de-
termined the sufficiency of the consideration, courts will
not review their decision. *Schnell v. Nell*, 17 Ind. 29;
*Shepard v. Rhodes*, 7 R. I. 470.   But where the consid-
eration is something else than money, there must be some
exercise of judgment in ascertaining and settling its
value."

It is a well defined principle of law that an agreement
to accept a smaller sum in payment of a larger one is not
binding, because there is no sufficient consideration to
support the agreement.

"The only question here is, whether this promise by the plaintiff to take a less sum than the whole demand was obligatory on the party *ab origine,* or whether it was a *nudum pactum* for want of a consideration. I am clearly of opinion, that it was a *nudum pactum* in its creation. Here there is a debt of 20 pounds due from the defendant, and a promise by the plaintiff to take five pounds only, which is in effect a promise to give the defendant 15 pounds. For a promise to forgive the defendant 15 pounds is like a promise to give that sum. But such a promise is a *nudum pactum* for want of a consideration, and therefore is not binding unless it be executed. It is true, indeed, that if A. promise to give B. 15 pounds and he actually pays it, he cannot recover it back again; but here the question is, whether an agreement by the plaintiff to take a less sum is obligatory without acceptance. It has been said, that a tender is in all cases equivalent to payment; but that is not so; for if a tender be pleaded in bar of a promise, it is not taken as a payment but as a bar to the action. This agreement is not binding in law; the plaintiff is always entitled to the whole demand. And therefore as this agreement has not been followed up by an actual acceptance, which is negatived by the record, it was not obligatory. And the plaintiff, whether from caprice or any other motive, was at liberty to refuse taking less than his whole demand." *Heathcote v. Crookshanks,* 2 Term R. 24.

See *Smith v. Bartholomew,* 1 Metc. (Mass.), 276 (35 Am. Dec. 365); *Harriman v. Harriman,* 12 Gray, 341; *Shepard v. Rhodes,* 7 R. I. 470 (84 Am. Dec. 573); *Foakes v. Beer,* L. R. 9 App. Cas. 605.

In *Smith v. Bartholomew, supra,* two were jointly liable. One made part payment. The creditor agreed to look to the other for the payment of the balance. It was held that there was not a sufficient consideration to discharge the one paying, because it was a payment of his own debt; that this was not a meritorious consideration requiring a recompense. The court says:

"The payment of a debt by a debtor, the same being due and payable, is not a sufficient consideration to support a promise. It is not considered as any detriment to the debtor, or benefit to the creditor. The one pays only what he was bound to pay, and the other receives no more than his just debt. Such a consideration is merely nominal and insignificant, and is deemed in law no consideration at all."

For the same reason an agreement to pay a less sum in money than was due is no consideration, for the defendants were under obligation to pay the same, and it is no detriment to the debtor or benefit to the creditor.

So viewing the agreement pleaded in the answer of the defendants Mitchell and wife, it is unnecessary to pass upon the other questions discussed in the briefs. The judgment of the court below is affirmed.

DUNBAR, C. J., and REAVIS, FULLERTON and ANDERS, JJ., concur.