[No. 4059. Decided December 23, 1901.]

HUGH T. WILLIAMS, *Respondent,* v. I. BLUMENTHAL, *Appellant.*

ACCORD AND SATISFACTION — COMPROMISE OF JUDGMENT — CONSIDERATION.

The payment and acceptance of a less sum than the face of a judgment, as a satisfaction in full, in consideration of the waiver by the judgment debtor of his right of appeal, constitutes a valid accord and satisfaction.

SAME — PAROL EVIDENCE.

Parol evidence is admissible for the purpose of showing the real consideration for an agreement of accord and satisfaction, although adding in that respect to the terms of the written agreement.

ATTORNEY AND CLIENT — PRIVILEGED COMMUNICATIONS.

Where a client authorizes or employs an attorney to enter into an agreement for the compromise of a judgment held by the

client, the authority thus given is not a confidential communication, and there is nothing to prevent the attorney testifying as to his authorization so to do.

Appeal from Superior Court, King County.—Hon. G. Meade Emory, Judge. Affirmed.

· *John Arthur, George G. Williamson* and *John Leo,* for appellant.

*Fred H. Peterson* and *Brady & Gay,* for respondent.

The opinion of the court was delivered by

Mount, J.—On April 28, 1897, appellant recovered a judgment in the superior court of King county in case No. 22,855 against respondent and one A. B. Grossman for the sum of $1,329.26. Thereafter, and prior to June 4, 1897, a sum aggregating $332.30 was collected upon this judgment by execution levied upon property of A. B. Grossman. This amount was duly credited upon the judgment. On the 4th day of June, 1897, appellant's attorneys in that action, being authorized by him so to do, compromised and settled the said judgment as to the respondent for the sum of $100, which respondent then paid, and received written memorandum and receipt therefor, as follows:

"On this 4th day of June, 1897, I. Blumenthal, through his attorney Melvin G. Winstock, for and in consideration of the sum of one hundred dollars the receipt of which is hereby acknowledged, agrees to release and does hereby release the said Hugh T. Williams from any further liability of judgment obtained in cause 22,855, said judgment to be satisfied of record as to said Hugh T. Williams as per agreement of even date herewith.

I. Blumenthal,
By Melvin G. Winstock, Frank B. Ingersoll,
Attys. of Record in Above Cause."

It was alleged in the complaint in this action, and the court at the trial found as a fact, that at the time the compromise and settlement were made there was an additional consideration to the $100 named in the agreement, which consideration was the forbearance of respondent's right of appeal from said judgment. Appellant thereafter ratified the agreement, and received the benefit of the money paid, but refused to satisfy the judgment of record as agreed, and sought to enforce the same against respondent. This action was brought by respondent to restrain appellant from enforcing the judgment against respondent, and for an order compelling the cancellation thereof as to respondent. Judgment as prayed was had in the court below, and this appeal is from that judgment.

Three questions are presented upon this appeal: (1) Does the complaint state facts sufficient to constitute a cause of action? (2) Did the court err in allowing evidence to show other consideration than the $100 named in the agreement? and (3) did the court commit error in permitting one of the attorneys in case No. 22,855 to testify in this case as to his authority to make the settlement named?

1. Appellant contends that the judgment referred to in Blumenthal v. Williams & Grossman—being No. 22,855 —constitutes and is a fixed, certain, and liquidated indebtedness, and that the rule is that, when such a debt is due and payable, an agreement to accept a part of the debt in payment of the entire debt is void. The authorities cited support this contention. This rule, however, has been severely criticised in many of the states, and in other states statutes have been passed entirely abrogating or materially modifying it. This state belongs to the former class. It was said by this court in *Brown v. Kern*, 21 Wash. 211 (57 Pac. 798):

"It is certainly not in accordance with ethics, and ought not to be in accord with the rules of law, to allow a creditor to enter into a contract to compromise his debt or judgment, and by reason of that compromise receive an amount of money which he could not have received except through the medium of a compromise, and then allow him to violate his contract on the plea of want of consideration and still retain the fruits of the agreement which he made to compromise."

In the case of *Price v. Mitchell,* 23 Wash. 742 (63 Pac. 514), the principle here involved was discussed, and this court there held that where there was a mere naked promise to pay a less sum, which promise had not been complied with, and no benefits had accrued therefrom, the compromise was void. It is intimated in that case, if not directly decided, that, if the agreement had been acted upon, the result would have been otherwise. It is said in 1 Cyc. Law & Proc., at page 323:

"A less sum may constitute a satisfaction of a greater sum presently due if the balance is released by a formal instrument which must be under seal, except of course, in those jurisdictions where the distinction between sealed and unsealed instruments has been abolished; but the terms of the instrument must so provide. So it has been held that payment and acceptance of less than the face value of a note in full satisfaction thereof, and surrender of the note to the debtor for cancellation, amount to an accord and satisfaction, as a surrender is equivalent to a release under seal;"

citing *Gordon v. Moore,* 44 Ark. 349 (51 Am. Rep. 606); *Blake v. Blake,* 110 Mass. 202; *Clayton v. Clark,* 74 Miss. 499 (37 L. R. A. 771, 21 South. 565, 60 Am. St. Rep. 521); *Silvers v. Reynolds,* 17 N. J. Law, 275; *Ellsworth v. Fogg,* 35 Vt. 355; *Jaffray v. Davis,* 124 N. Y. 164 (26 N. E. 351, 11 L. R. A. 710). These authorities fully sustain the text.

In this state the distinction between sealed and unsealed instruments has been abolished. § 4523, Bal. Code. Certainly, under the rule announced in these authorities, the respondent was bound by his contract to satisfy the judgment when he entered into the agreement and received the money, and no good reason can be urged why he should not be bound thereby. It is alleged in the complaint that there was an additional consideration to the $100, viz., forbearance of the right of appeal. The judgment was rendered on April 28, 1897. Defendants in that action had, under the statute, ninety days thereafter in which to take an appeal to the supreme court. § 6502, Bal. Code. It is well settled that where the debtor, in addition to payment of part of the debt, gives the creditor anything of value, and which, in judgment of law, may be considered a benefit to him, there will then be a sufficient consideration to support the agreement to accept the lesser sum in full payment, and the transaction will constitute a valid accord and satisfaction. 1 Cyc. Law & Proc. p. 323; *Clay v. Hoysradt,* 8 Kan. 74, 81. So, in this case, the defendant having the right of appeal, by which the judgment may have been defeated, his waiver of that right and the payment of the sum named was sufficient consideration for the accord. The complaint therefore stated a cause of action, and was sufficient.

2.   At the trial of this case plaintiff offered evidence to prove the agreement of waiver of right of appeal as part consideration for the agreement of accord and satisfaction. This evidence, over appellant's objection, was allowed by the court. Error is claimed because the court permitted oral evidence to vary the terms of the written instrument. This question was settled by this court adversely to appellant's contention in *Van Lehn v.*

*Morse,* 16 Wash. 219 (47 Pac. 435), See, also, *Wright v. Stewart,* 19 Wash. 179 (52 Pac. 1020).

3.    At the trial of this cause plaintiff below (respondent here) called Frank B. Ingersoll, one of appellant's attorneys of record in the original case,—22,855,—as a witness to prove authority from the plaintiff in that action to enter into the agreement of accord and satisfaction.    Appellant objected on the ground that communications of this character are privileged under the statute.    Bal. Code, § 5994.    The court overruled the objection, and permitted the evidence.    This is urged as error.    In the case of *Hartness v. Brown,* 21 Wash. 655 (59 Pac. 491), this court held that § 5994, *supra,* "merely declares and confirms the existing rule at common law relating to professional communications between attorney and client," and that information acquired by an attorney in the course of his employment in which his *advice* has been sought by a client, and communications made to the attorney by the client in the course of the personal employment relating to the subject thereof and concerning the transactions between them, are confidential, and cannot be divulged without the consent of the client.    This case is relied upon by appellant in support of his position here.    But the question before the court in *Hartness v. Brown* is entirely different from the question in this case.    The authorization of an attorney to satisfy a judgment for a sum less than its face is not a privileged communication under the rule announced in that case.    The employment of the attorney is not in itself a privileged communication, nor is the authority of an attorney to act as agent such a communication.    It is well settled that an attorney, because of his employment in a case, has no authority to discharge or satisfy a judgment except upon full payment thereof in money.    Weeks,

Attorneys, § 220; Freeman, Judgments (4th ed.), § 463, and authorities there cited. It was necessary, then, for *direct special authority* from the client, before the settlement made in this case could be binding upon the client. The fact that the agent was an attorney would not place him under any different rule from any other agent. There can be no element of confidence in the authorization of an agent to act as such. It is certainly competent to prove agency by the testimony of the agent himself. 2 Greenleaf, Evidence (17 ed.), §§ 60, 61; 1 Am. & Eng. Enc. Law (2d ed.), 969.

It is said at page 325, Weeks on Attorneys at Law, (2d ed.), that:

"Where clients authorize an attorney at law to make a certain contract with a party, which is done, and the contract is carried out as per agreement, the authority thus given is not a confidential communication by the clients, and the attorney may prove the contract;"

citing *Burnside v. Terry,* 51 Ga. 186. In this case it is said, at page 191:

"If a party hold out his attorney as one having authority from him to make a special contract respecting pending litigation and the attorney acts upon it, treats with his antagonist and thereby secures important rights to the client, he cannot deny the right of the attorney or of the opposite party to prove by the attorney the contract and the authority to make it. It is as if the attorney was constituted a special agent for that purpose." *Martin v. Platt,* 4 N. Y. Supp. 359; *C. Aultman Co. v. Ritter,* 81 Wis. 395 (51 N. W. 569).

When the attorney was authorized to enter into the contract, this was not a privileged communication under the statute. No error was committed when the court permitted the attorney to testify upon this point.

Finding no error in the record, the case will be affirmed.

REAVIS, C. J., and FULLERTON, HADLEY, WHITE, ANDERS and DUNBAR, JJ., concur.