[No. 4791. Decided February 29, 1904.]

RUSSELL & COMPANY, *Appellant,* v. O. A. STEVENSON et al., *Respondents.*[1]

COMPROMISE—CONSIDERATION—PAYMENT IN CASH OF SUM LESS THAN TOTAL—WHOLE DEBT NOT DUE. There is sufficient consideration for the settlement of notes by a cash payment of a less sum than the total, where part of the debt was not due and the settlement was acted upon.

PRINCIPAL AND AGENT—COMPROMISE—AUTHORITY OF AGENT. Where a collector was authorized to use his own judgment in making a settlement of an account, he had power to compromise it by accepting less than the total due.

COMPROMISE—MUTUAL MISTAKE—EVIDENCE—SUFFICIENCY. In an action to collect a balance due on notes, in which the defense is a settlement of the account by an agent of the plaintiff, a mutual mistake in the settlement entitling plaintiff to recover the amount of the mistake is shown, where it appears that the agent who was authorized to collect the account had an itemized statement, showing partial payments and credits, among which was a credit on one note of $285.35 and upon another of $214.65, being one payment of $500, and which was not credited on the date of payment, that the defendant claimed a payment of $500 not shown by the statement, and produced a receipt therefor, and that neither of the parties recognized the

[1]Reported in 75 Pac. 627.

aforesaid credits as such payment, and the agent allowed the claim for $500, and settled the balance due, and on discovering the mistake, offered to return the money paid and gave notice that the settlement was rescinded.

SAME—MISTAKE AS TO ONE ITEM—WHEN DOES NOT AVOID SETTLEMENT. In such a case it is error to find that the mistake was due entirely to the negligence of plaintiff's agent, and it appearing that it did not affect the settlement of the other items of the account, the court should have found a mutual mistake that did not avoid the settlement, or entitle the plaintiff to rescind the same.

COMPROMISE—MUTUAL MISTAKE NOT AVOIDING THE SETTLEMENT—ACTION TO FORECLOSE CHATTEL MORTGAGES—JURISDICTION TO GRANT RELIEF FROM MUTUAL MISTAKE. In an action to foreclose chattel mortgages after an attempted rescission of a settlement, in which plaintiff sued for the full amount of the balance, and defendant based his defense upon the settlement in which a mutual mistake in allowing a credit of $500 was made, the court has jurisdiction to enter judgment as the facts warrant, and where the mistake was not such as to avoid the settlement, should give judgment for $500, without attorney's fees.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 26, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to foreclose chattel mortgages. Reversed.

*Crow & Williams,* for appellants.

*Danson & Huneke,* for respondents, to the point that the court should not grant relief from the mistake, because of the agent's want of diligence, cited: *Stettheimer v. Killip,* 75 N. Y. 282; *Grymes v. Sanders,* 93 U. S. 55; *Fahie v. Pressey,* 2 Or. 23, 80 Am. Dec. 401; *Pickett v. Fidelity & Cas. Co.,* 60 S. C. 477, 38 S. E. 160, 629; *Brooks v. Hall,* 36 Kan. 697, 14 Pac. 236; *Woodford v. Marshall,* 72 Wis. 129, 39 N. W. 376; *Montgomery v. City Council,* 99 Fed. 825; *Pope v. Hoopes,* 90 Fed. 451.

MOUNT, J.—These actions were begun to foreclose four chattel mortgages securing several promissory notes. The complaints are in the usual form of foreclosure actions. After the service of the summons, the actions were consolidated upon motion of the defendants. The defendants thereupon answered, admitting the execution of the notes and mortgages, but denying that there was anything due thereon; and for an affirmative defense pleaded a settlement with the plaintiff and satisfaction of the notes and mortgages prior to the bringing of the action. The plaintiff for reply denied the settlement and alleged that, if any settlement had been made, it was procured by reason of false and fraudulent representations made by defendants, and that it was without consideration. Upon a trial the lower court found for the defendants, sustaining the plea of settlement and satisfaction, and dismissed the action. Plaintiff appeals.

The facts are substantially as follows: Appellant, Russell & Co., is engaged in the manufacture and sale of threshing machinery. It maintains a branch house at Portland, Oregon, a warehouse at Spokane, and agencies at other places. The branch house at Portland is in charge of Mr. A. H. Averill, who is a general agent of the company, and has general charge of all the business of the company in the states of Oregon and Washington, and controls all the agents in that territory. In the years 1898 and 1900 the respondents purchased certain threshing machinery from appellant, and, to secure the payment of the purchase price of such machinery, executed and delivered the notes and mortgages sued on herein. Some of the machinery so purchased was destroyed by fire after the purchase and some returned to appellant, and respondents purchased certain extras for repairs. Partial payments were made from time

to time by respondents, which payments were credited to their account.

On or about October 20, 1902, one A. Mitchell, who was a traveling salesman for appellant, and who had charge of collecting the notes involved in this action, went to Reardon, a town where appellant maintained an agency and near where respondent Stevenson was then residing, and demanded payment of the amount due on the notes. After some dispute as to the amount due, respondent Stevenson paid the said Mitchell $300 on account of the indebtedness. Thereupon Mr. Mitchell requested from respondent Stevenson a settlement of the whole amount owing to appellant.

Mr. Mitchell at that time had in his possession an itemized statement of the whole account, showing the credits which appellant had given on the account, the amount due, and the amount not due. Mr. Stevenson disputed this statement, for the reason that certain machinery and extras returned had not been credited for their value; and also contended that a payment of $500 had not been credited at all, and produced a receipt for that amount from the agent in charge of the Spokane office. This item did not appear on Mr. Mitchell's statement as a credit of $500. It seems that, when the $500 payment was made by Stevenson, it was credited upon two notes in separate items, one for $285.35, and the other for $214.65. Neither Mr. Mitchell nor Mr. Stevenson recognized these items as being the $500 payment for which Stevenson claimed an additional credit.

At Mr. Stevenson's request, Mr. Mitchell deducted this $500 from the amount of appellant's claim. Mr. Mitchell also made other deductions, for which Mr. Stevenson was in no wise at fault, and concluded that there was still owing from Mr. Stevenson to the appellant about $1,100, a part of which was not then due. He then offered to settle and

satisfy the whole claim for $900 cash. Mr. Stevenson pro-
posed to pay $800 in full settlement. Mr. Mitchell there-
upon called Mr. Averill at Portland, Oregon, over the long-
distance telephone, and stated that Mr. Stevenson had
offered to settle the whole claim for $1,100. This amount
included the $300 already paid and the $800 offered. He
also told Mr. Averill that the amount of principal owing
on the notes was $1,110. Mr. Averill replied that Mr.
Mitchell should use his own judgment about the matter.

Mr. Mitchell thereupon agreed to settle and satisfy the
whole claim for $800, which Mr. Stevenson thereupon paid
to Mr. Mitchell. Subsequently, on the same day, Mr.
Averill discovered that the amount of principal on the
account was largely in excess of $1,110, and notified Mr.
Mitchell not to settle on that basis. Afterwards, on the
next day, Mr. Mitchell, having sent the money to Portland,
Oregon, notified Mr. Stevenson that the settlement was
rescinded and that his money would be returned. Mr.
Stevenson objected to a rescission, and said he would not
receive back the money. Within ten days thereafter Mr.
Mitchell tendered the money back to Mr. Stevenson, and it
was refused. Appellant then credited the $1,100 upon the
account, and sued for the balance, disregarding the settle-
ment.

Appellant contends that there was no consideration for
the settlement of the larger sum for a smaller one in cash,
and that Mitchell had no authority to make the settlement.
Neither of these contentions can be sustained. The whole
of the debt was not then due, the settlement was made and
acted upon, and the appellant received the money. *Brown
v. Kern,* 21 Wash. 211, 57 Pac. 798; *Price v. Mitchell,* 23
Wash. 742, 63 Pac. 514; *Williams v. Blumenthal,* 27
Wash. 24, 67 Pac. 393. When Mr. Averill, the general
agent, authorized Mr. Mitchell to use his own judgment in

making the settlement, this was sufficient proof of Mr. Mitchell's authority to make the settlement.

We think the evidence fails to show any fraud on the part of respondents, or any bad faith, which would justify the setting aside of the settlement by the appellant. The evidence, however, is conclusive that there was a mutual mistake of $500 made by respondent and Mr. Mitchell in reckoning up the account. Mr. Stevenson knew he had made a payment of $500. He had a receipt therefor, which was shown to Mr. Mitchell. He found no credit of that amount on the itemized statement. He kept no books or accounts of his own, and does not appear to have been informed of the manner in which the credit was given. He was therefore justified in his belief that a mistake of $500 had been made against him. Mr. Mitchell did not know that the $500 payment had been separated into two items. These items did not appear to have been credited upon the date of the $500 payment. He was therefore justified in believing and relying upon the statement of Mr. Stevenson that the $500 had been paid, and had not been credited on the account. Both parties were mistaken, but, honestly believing that this item had been paid, were willing to settle, and did settle, upon that basis. This item was a material item of the account; but the mistake by which it was omitted does not appear to have influenced the settlement of other items of the account, which were agreed to and a settlement thereof effected upon a satisfactory basis. The mistake in this item is therefore not shown to have affected or stained the other items of the transaction. In such cases it has been held that a court of equity

"will allow the account to stand with liberty to the plaintiff to surcharge and falsify it; the effect of which is to leave the account in full force and vigor as a stated account, except so far as it can be impugned by the oppos-

ing party, who has the burden of proof on him to establish errors and mistakes." 1 Story's Eq. Jur. (13th ed.), § 523.

See, also, *McDougall v. Cooper*, 31 N. Y. 498; *Carpenter v. Kent*, 101 N. Y. 591, 5 N. E. 787; *Conville v. Shook*, 144 N. Y. 686, 39 N. E. 405; *Reid v. Beyle*, 39 Kan. 559, 18 Pac. 614; *Reed v. Horn*, 143 Pa. St. 323, 22 Atl. 877; *Rehill v. McTague*, 114 Pa. St. 82, 7 Atl. 224, 60 Am. Rep. 341.

It is true that this case was not brought in the form of an action to correct the account. The action was brought to foreclose the mortgage for the full amount claimed to be due thereon. The appellant entirely ignored the settlement. Respondent relied upon the settlement, and based his defense thereon. The court had jurisdiction of the parties and of the subject matter, and was, therefore, under the practice, authorized to enter such judgment as the facts warranted. The court found that a mistake of $500 was made in calculating the amount due, but that this mistake was due wholly to the negligence and carelessness of appellant's agent. With this finding we cannot agree for reasons hereinbefore stated. The court should have found that the mistake was a mutual one, but one which did not avoid a settlement, and should have entered a judgment in favor of the plaintiff for the amount thereof, and for costs, but without attorney's fees.

The judgment is therefore reversed, and the cause remanded to the lower court, with instructions to enter a judgment in favor of appellant for $500, with interest from October 20, 1902, at the legal rate, together with the costs of the action; appellant to recover the costs of this appeal.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.