[No. 7825.]

## BECK v. SCHOOL DISTRICT No. 2, IN THE COUNTY OF BENT.

1. EQUITY—*Reformation of Writings*—The general rule is that a contract entered into under mistake as to some essential element may be avoided in a proper action.

The defendant was indebted to plaintiff in $3,500, the balance of the contract price for the erection of a school-house. Through mistake as to the amount which he had received he stated the balance due him at $2,285.00, and claimed the further sum of $200.00 on account of extras, and damages by reason of delays of the district. A compromise was finally effected by which he accepted $2,385.00 in full settlement of his demand, each party believing at the time that this was the true balance of the contract price. Plaintiff was entitled to vacate the settlement, and have a new settlement made based upon tre true facts.*

2. ——*Mistake of One Party Only*—In the same case it was said that if defendant, being conscious of plaintiff's mistake, took advantage of it, he would still be entitled to relief.

*Syllabus* by Musser, C. J.

*Error to Bent District Court.*—Hon. HENRY HUNTER, Judge.

Mr. H. L. LUBERS, for plaintiff in error.

Mr. ALLEN M. LAMBRIGHT, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The object of this proceeding is to review the action of the district court in sustaining a general demurrer to a complaint filed by the plaintiff in error, and a judgment against him for costs, he having elected to stand on the complaint. The complaint alleged that the plaintiff had entered into a contract with the school district to erect a school-house for $5,785.00, setting out the contract; that the plaintiff erected the school-house, and thereafter on the 26th day of May, 1910, sent to the directors a statement of the amount due him, wherein he stated that the balance unpaid on the contract price was $2,285.00, and there was due him for extras $100.00, and for damages for delay of removal of the old building and material $100.00, making a total of $2,485.00; that on May 27th, believing the statement rendered and sent by him to be true, he wrote a letter to the school-board offering to accept $2,300.00 in full, providing settlement was made at once. Then comes the following allegation:

"That on the 4th day of June, A. D. 1910, the plaintiff and defendant came to an accounting and settlement, they mutually believing the statement made by the plaintiff to the defendant, dated the 26th day of May, 1910, wherein a balance of $2,285.00 was shown in favor of the plaintiff on the contract price for the said building, to be a correct statement of the balance due, and both parties, acting in that belief, thereupon entered into a written settlement, which is in words and figures as follows:

Then follows the contract of settlement, wherein it was recited that the plaintiff and the school-district through its

board of directors, entered into a written agreement for the erection of the school building; that divers sums of money had been paid to the plaintiff on account of the contract; that divers disputes existed between the parties, the board claiming that the contract had not been kept by the plaintiff, and that they had been delayed in the use of the building and thereby greatly damaged, and that they became liable for architect's charges, time and expense, and had been otherwise damaged, and that the plaintiff also claimed that he had been delayed with his work by the failure of the board to remove the old school-house and furnish cement on demand; that the plaintiff had offered to compromise the differences and to take and accept the sum of $2,385 in full payment, satisfaction and discharge of all the balance due on account of the amounts to be paid under the said contract, and all extras and damages of whatever nature, and in full for all sums due him, and the district had accepted the compromise offered. After the recital of these matters, the contract stated that in consideration of the premises, and of one dollar to each party in hand paid by the other, and in consideration of the payment of $2,385 to the plaintiff, the receipt of which he acknowledged, each party acknowledged that settlement in full had been made of all amounts due or to become due under the building contract, or any extras or damages, in whatever manner, arising out of said contract and of all damages or claims held by said district against the plaintiff, on account of any delays, damages, or default in any manner, and the parties released and discharged each other from all claims, debts or liabilities which existed between them. The complaint then alleged that since the settlement, the plaintiff had discovered error and false credit given the district, of which he was ignorant at the time, and that the statement of account rendered by him, showing a balance of $2,285 unpaid him on the contract price, was error and wrong; that the balance due was $3,285, and set forth the payments made; that the error arose on the part of the plaintiff, through the fact that he was erecting another school-house for

district No. 7, and had received a payment from that district of $3,500, and, through inadvertence, error and mistake, mixed the accounts of the two districts, and had given the defendant district a credit of $3,500, which was $1,000 more than he had received from it, and then alleges:

"That, on June 4th, 1910, the plaintiff, believing that he had received from the defendant the sum of $3,500.00 on such contract, and the board of directors of the defendant believing that they had paid such sum unto the plaintiff, they and each of them, in that belief, entered into said final written settlement of said date; and that said settlement is incorrect in that the balance therein should have been $3,300.00 in favor of the plaintiff instead of $2,300.00."

The complaint then goes on and alleges that as soon as the plaintiff discovered the error, about one week after the settlement, he notified one of the directors of the mistake and asked that it be corrected, and that the defendant pay him the further sum of $1,000; that from time to time thereafter he had demanded of the several directors the payment of said sum, and that the directors refused to correct the settlement of June 4th. Plaintiff prayed to be let in to prove the error in stating the account and in the settlement of June 4th, and that the same be corrected, and that there be judgment against the defendant for $1,000 with interest.

There is no doubt that the complaint alleges that the settlement of June 4th, evidenced by the written contract, was made upon the understanding by each of the parties that the balance due on the contract price was $2,285, and that it alleges that both parties were mistaken about this and that the true amount unpaid on the contract price was $3,285 instead of $2,285. So that it appears from the complaint that the compromise offer made by the plaintiff, and its acceptance by the defendant, and the written agreement of settlement of June 4th, occurred without consideration by either of the parties of this difference of $1,000, and was based upon mutual error and mistake. There can be no question that the amount un-

paid from the district to the plaintiff on the contract price was an essential element to be considered in the settlement of the controversy existing between them, and that the complaint alleges that there was a mistake made as to this element. In 1 Page on Contracts, sec. 71, it is said that it is substantially unquestioned that the general rule is that a contract entered into because of mistake as to an essential element is void. Perhaps it is better to say that the general rule is that a contract entered into because of a mistake as to some essential element may be avoided in a proper action. If the plaintiff made his offer of compromise under the mistaken idea that he had received $3,500 from the district when he had received but $2,500, and the directors, falling into the same error, or knowing that the plaintiff was in error, took advantage of it, accepted the compromise offer, whereupon the contract of full settlement was made, it certainly seems that in equity and good conscience the plaintiff ought to be relieved from such a contract, induced by such an error, and an examination of the authorities show that they are practically unanimous in saying that such a mistake will vitiate such a contract. In 1 Page on Contracts, sec. 72, it is said:

"So if A gives his note to B, thinking that there is a balance due from him to B for which such note is given, when in fact nothing is due, such note may be avoided as to B or an indorsee with notice. Thus if A is mistaken as to the amount of his indebtedness and under such mistake gives a note for too large an amount, equity will give recission and cancel the note on payment of the amount due, and if he has overpaid his debt will decree repayment of such excess. A similar rule exists where one by mistake assumes a debt due him to be smaller that it is. * * * So if under a mistaken belief that no credit had been given for a payment which had been made, and in fact credited, the creditor gives a receipt in full on payment of less than the real amount due in pursuance of a contract settling the account, he may recover such difference. Any other contract entered into under mistake as to the

amount due on a pre-existing liability and based thereon, may be avoided for such mistake."

In *St. L. L. B. B. Co. v. Colo. Nat. Bank,* 8 Colo. 70, it is said that an account stated or settled is open to impeachment for mistakes or errors. The following authorities, wherein settlements induced by or made through mistakes as to essential elements occurring in various ways and wherein such settlements were set aside or the injured party permitted to recover the amount lost by the mistake, support the conclusion that if the allegations of the complaint in this case are true the plaintiff is entitled to relief: *Lowler v. Jennings,* 55 Pac. 60; *Russell & Co. v. Stevenson,* 75 Pac. 627; *Gould v. Emerson,* 160 Mass. 438; *Carpenter v. Kent,* 5 N. E. 787; *Conville v. Shook,* 39 N. E. 405; *Aultman Co. v. Graham,* 29 Ill. App. 77; *Powell v. Plant,* 23 So. 399; *Fink v. Smith,* 170 Po. 124.

The complaint sets out the contract of settlement and the plaintiff prays to be let in to prove the error in the settlement and that it be corrected. This shows sufficiently that the plaintiff desires that the contract of settlement of June 4th be set aside and a new settlement be made, based upon the true facts, and undoubtedly, if the allegations of the complaint are true, the plaintiff is entitled to such relief, and the court erred in sustaining the demurrer. The judgment is, therefore, reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and Remanded.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.