HON. JOHN S. TENNEY LL.D., ⎞ ASSOCIATE
HON. SAMUEL WELLS, ⎟
HON. JOSEPH HOWARD, ⎠ JUSTICES.

## LEE & al. versus OPPENHEIMER.

A parole agreement by a creditor with his debtor, to discharge the debt, on receiving a sum less than the amount due, is without consideration and inoperative.

But the accepting of a *third person's* note, taken on such an agreement, though the note be of less amount than the debt, will support the agreement and discharge the debt.

ASSUMPSIT on book account for $154,74, being the amount which was originally due.

The defendant offered the following receipt, signed by the plaintiffs, viz., "New York, 4 Feb'y, 1848, Rec'd of A. S. Herman eighty dollars, which is in full for our demand against J. Oppenheimer of Maine, for $154,74, and we agree to discharge said Oppenheimer therefrom upon the payment of the

costs incurred therein." The costs were paid by the defendant prior to the entry of the action.

Herman, on taking the receipt, gave his note to the plaintiffs for the $80, which he afterwards duly paid. Except the cost, nothing further has been paid to the plaintiffs.

By consent, a default was entered, which is to be taken off if the foregoing facts constitute a legal defence.

WELLS, J. — An agreement by a creditor to discharge a debt, upon receiving a less sum than is due to him, is not binding upon the creditor. There is no consideration for the agreement to relinquish the balance. *Fitch* v. *Sutton*, 5 East, 230; *Bailey* v. *Day*, 26 Maine, 88. But this rule does not apply, where the acknowledgment of satisfaction is by deed, or any other articles than money, or the note of a third person for a smaller sum than the amount of the debt, or a less sum than is due, before the day of payment, or paid at another place than that limited by the contract, are received by the creditor in full satisfaction of the debt. *Pinnel's case*, 5 Co. 117; *Brooks* v. *White*, 2 Metc. 283. The least consideration in such case is sufficient to make the agreement binding. *Hinkley* v. *Arey*, 27 Maine, 362.

A creditor cannot coerce his debtor, to deliver to him any article of property, which belongs to the debtor, nor to procure for him the note of a third person; they can only be obtained by contract, and the creditor is at liberty to pay such price for them as he may think proper, and if he agrees to cancel his debt, when such article, or the note of a third person for a less sum than the debt, is delivered to him, he is bound by the execution of the agreement, although it may not be so beneficial to him, as it would be to receive the whole amount of his debt in money. It is equivalent to a purchase, the relinquishment of the debt being the consideration paid, when the creditor receives such note or other article for his debt. But the direct purpose being to pay the debt and not to sell the note or other property, the transaction is considered in law an accord and satisfaction, the parties esti-

Lee v. Oppenheimer.

mating for themselves the value of the satisfaction. So also parties may change their contracts as to the time and place of payment, upon such consideration as they may think proper.

The defendant was indebted to the plaintiffs in the sum of one hundred and fifty-four dollars and seventy-four cents, and after this action was commenced, but before it was entered in court, they received of A. S. Herman, eighty dollars, as appears by their receipt in writing, in full for their demand against the defendant, and agreed to discharge the defendant from it upon the payment of the costs, which had been incurred. This receipt is open to explanation, and it appears by the evidence, that Herman, instead of paying the eighty dollars when he took the receipt, gave his note to the plaintiffs for that amount, and has since paid it to them. The costs were paid previously to the entry of the action.

The reception of Herman's note and the payment of the costs by the procurement of the defendant, having been agreed by the plaintiffs to be taken in full satisfaction of their debt, must be considered as having that effect, and a defence to the action. Whether the same result would have been produced upon the payment of eighty dollars in money, by Herman for the defendant, as the terms of the receipt indicate, and the additional payment of the costs, before the right of the plaintiffs to them had become established by a judgment, it is unnecessary to determine.

No question is presented in the report of the case in relation to the pleadings, but if there had been no other plea than the general issue, as is suggested by the counsel for the plaintiffs, that would have been sufficient, as payment or accord and satisfaction may be given in evidence under it. 1 Chitty on Plead. 472.

The default is to be taken off, and the action stand for trial.