[No. 3281. Decided June 7, 1899.]

SARAH J. BROWN, *Respondent,* v. JOHN KERN et al., Defendants, WILLIAM M. RIDPATH, *Appellant.*

| 21 | 211 |
| 27 | 26 |
| 21 | 211 |
| 34 | 170 |
| 21 | 211 |
| 41 | 419 |

APPEAL—WHEN STATEMENT OF FACTS UNNECESSARY—EXCEPTIONS TO FINDINGS.

When the only error urged upon appeal is that the findings of fact do not sustain the conclusions of law, neither exceptions to the findings nor a statement of facts is necessary.

CONTRACTS—CONSIDERATION—DISCHARGE OF DEBT BY PART PAYMENT.

An agreement by a judgment creditor to accept from a judgment debtor, who is financially embarrassed, cash and a note secured by mining stock for a portion of the debt in full satisfaction thereof, constitutes a valid consideration for the discharge of the debt.

Appeal from Superior Court, Spokane County.—Hon. NORMAN BUCK, Judge. Reversed.

*Blake & Post,* for appellant.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—This appeal is from an order of the lower court denying the motion of appellant, Ridpath, for an order canceling and satisfying as to him the judgment entered in the case of Sarah J. Brown v. John Kern, Phœbe Kern, William M. Ridpath *et al.* The findings of the court, in substance, were: That in 1894 Sarah J. Brown obtained judgment against John Kern, Phœbe Kern, William M. Ridpath and G. G. Smith for a certain sum of money; that thereafter the plaintiff, in attempting to settle said judgment and get the same paid, entered into a contract with the defendant Ridpath and with defendant Kern separately, whereby it was agreed by and between the plaintiff and the defendant Ridpath that Ridpath should pay one-half of said judgment in satisfaction thereof as to him, by paying what cash he could and giving his note for the remainder, secured by one thousand shares of Le Roi mining stock; and an agreement was made with the defendant Kern that he should pay half of said judgment by conveying certain real estate in the city of Spokane in satisfaction of the judgment as to him, providing the title and incumbrances as to said property should be satisfactory to plaintiff; that thereafter Ridpath, in pursuance of said agreement and in payment of the one-half of said judgment, paid the plaintiff $266.70 by draft or bill of exchange on a New York bank, and executed his note for the remainder of the same, securing its payment by a pledge of one thousand shares of Le Roi mining stock, all of which was accepted by plaintiff as the defendant Ridpath's performance of his said agreement with plaintiff; and that said draft or bill of exchange and said note were duly paid; that at the time the defendant Ridpath

paid the half of said judgment the plaintiff gave him a receipt therefor in satisfaction of said judgment according to the said agreement; that plaintiff's agreement with the defendant Kern was never carried out, for the reason that plaintiff was not satisfied with the title to the real estate agreed to be conveyed; that at the time defendant Ridpath paid his half of said judgment he was led to believe, by the plaintiff, that the arrangement with the defendant Kern was satisfactory, and either was, or would be, carried out, and that thereby the whole judgment was, or would be, satisfied in full; that, from the time of the rendition of the judgment up to the time the half thereof was paid, the defendant Ridpath was greatly embarrassed financially and unable to pay the same. The court found as a conclusion of law from the foregoing facts, that plaintiff's agreement with defendant Ridpath to satisfy said judgment as to him was without consideration and not enforcible, and ordered that the motion of Ridpath to satisfy said judgment as to him be denied. The respondent interposed a motion to dismiss this appeal, for the reason that no statement of facts has been filed or served, that no exceptions to the findings of fact have been taken or filed, and that there is nothing before this court to show upon what the findings of fact or conclusions of law were based by the court below; and quite a lengthy argument is adduced in favor of this motion. But it seems to us to have in it no merit whatever. No statement of facts was necessary, because the facts found by the court are accepted by the appellant. Neither was it necessary, under any decision of this court, nor could it be necessary under any theory of the law, for the appellant to except to the findings of fact if he was satisfied with them. The objection urged is that the conclusions of law are not properly drawn from the findings of fact, and the only question which this court can enter into a discussion of is, do the findings of

fact sustain the conclusions of law reached by the court? and that is all that is asked by the appellant.

The question, then, to be determined is, will a partial payment of a judgment under the circumstances shown be sufficient to liquidate the judgment in whole. The general principle that the acceptance of a less sum of money than is actually due cannot be a satisfaction and will not operate to extinguish the whole debt, although agreed by the creditor to be received upon such condition, seems to be well established by almost uniform authority. The theory of the law doubtless is that no benefit accrued to the creditor in accepting a portion of a debt where the debtor was legally bound to pay the whole debt, and that, therefore, there was no consideration for the contract made and entered into by the creditor and debtor for the satisfaction of the judgment or debt by the payment of a part of the same. For many years, however, courts have been  dissatisfied with this rule and have refused to extend the doctrine, but have sought to restrict the operation of the rule whenever it was possible. It is certainly not in accordance with ethics, and ought not to be in accord with the rules of law, to allow a creditor to enter into a contract to compromise his debt or judgment, and by reason of that compromise receive an amount of money which he could not have received except through the medium of a compromise, and then allow him to violate his contract on the plea of want of consideration and still retain the fruits of the agreement which he made to compromise. Pleas of want of consideration are not favored by the law, especially where the relative positions of the parties have been changed by the transaction. To avoid this rule, as we have before observed, courts have decided—and sometimes the logic of the discrimination is hard to perceive—that a consideration will be presumed, if a partial payment is made by the payment of a portion of the amount agreed

upon and the note of a third person taken for the balance. Some courts have even gone so far as to hold that the acceptance of a check, or the note of the debtor for a portion of the debt, which check or note was afterwards paid, was sufficient to raise presumption of a consideration; but it is difficult to understand why a check or a note would be any more valuable than money in the amount for which the note or check was drawn. This simply goes to show the disfavor in which the rule is held, and it might be better to change the rule in a straightforward manner than to seek to destroy its operation by illogical discriminations. However, in this case it is not necessary to go so far as to overturn the established doctrine, for the reason that, under the findings of fact, which are binding upon this court, it appears that the defendant Ridpath was unable to pay this judgment. The creditor then had a judgment which was worthless in the eyes of the law, and it was certainly a consideration to him to obtain a portion of that judgment.

A case on this interesting subject which is very frequently cited is *Boyd v. Hitchcock*, 20 Johns. 76 (11 Am. Dec. 247). There it was held that a note of a third person, given by a debtor as further security for a part of the debt, which was accepted by the creditor in full satisfaction of all judgments, was a valid discharge of the whole debt. In the discussion on this subject the court, among other things, said:

"It would be an abuse of terms to call this a mere *nudum pactum*. Here was inconvenience to the defendant in procuring a surety; and also a benefit to the plaintiffs. The defendant held the notes, with Childs's indorsement, and offered them to secure two thousand seven hundred and fifty dollars of the debt, if the plaintiffs would relinquish the residue of their claim. It is to be inferred, that Childs lent his indorsement for the sole purpose of effecting this compromise. The plaintiffs accepted the notes

as payment of the whole debt; and, I think, good faith and sound principle require that this should be deemed a valid accord and satisfaction, to bar the plaintiff's action. It would operate as a fraud upon Childs, the indorser, whose means of reimbursement from the defendant would be greatly impaired if this plea be not sustained. If Childs had been the maker and Hitchcock the mere indorser, the case, as to him (Childs), would be widely different; for, if Childs, as a real debtor, had made the notes, it would be immaterial to him whether he paid them to Hitchcock or to his indorsees."

In the quotation of this case by different courts it is sometimes asserted that the judgment was based upon the inconvenience occasioned the indorser. But, while that condition was one of the principal features in that case, the court, continuing, says:

" But independent of the consideration due to the surety, I am of the opinion, that if a debtor offers additional security, on condition that his creditor shall give up a portion of the debt, and the creditor accepts such security for a less sum as a satisfaction for the whole debt, it is a valid discharge, on the ground of accord and satisfaction;" citing *Sheehy v. Mandeville,* 6 Cranch, 253.

In *Kellogg v. Richards,* 14 Wend. 116, it was held that where a creditor, on compromise with his debtor, accepted the note of a third person for a less sum than the debt due to him, in full payment of such debt, the transfer and acceptance of such note could be pleaded as an accord and satisfaction in bar of an action for the recovery of any portion of the debt beyond the sum secured by the note.

See, also, *Le Page v. McCrea,* 1 Wend. 164 (19 Am. Dec. 469); *Evans v. Wells,* 22 Wend. 324; *Lee v. Oppenheimer,* 32 Me. 253; *Keeler v. Salisbury,* 33 N. Y. 648; *Brooks v. White,* 37 Am. Dec. 95.

And to the effect that a consideration will arise where the compromise is made with the debtor in failing circumstances, see *Curtiss v. Martin,* 20 Ill. 557.

In fact, this seems to be the almost universal authority outside of cases which hold that where a portion of the debt is paid, accompanied by a delivery of property of some other kind, the courts will not inquire into the value of the property accepted. In this case, in addition to the fact that a consideration must be considered to have moved to the plaintiff by the acceptance of a smaller amount than the whole judgment by reason of the inability of the defendant to pay any part of the judgment, it appears from the facts found by the court that additional security was given, viz., the shares of mining stock above referred to. They might be of as much value as security as the note or indorsement of third parties. At least, the court will conclude that they had a value in the mind of the creditor and, under the general rule, will not inquire into the extent of the value. In any event, it must be concluded that the plaintiff thought her condition would be improved by entering into this new contract for an acceptance of a portion of the judgment in payment of the whole. By reason of that agreement she obtained the payment of the amount agreed upon and, under the circumstances of this case at least, she cannot now, while holding on to the fruits of that agreement, be heard to say that the agreement was without consideration to her.

It appearing that the appellant invoked the proper remedy for obtaining release from the judgment, the judgment will be reversed, with instructions to grant the motion prayed for.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.