SCANLON *v.* NORTHWOOD.

1. CONTRACTS—CONSIDERATION—SUFFICIENCY.

Where, after a building contract was partly performed, the contractor declined to complete it on the ground that he would lose money on it, the owner's agreement to increase the contract price sufficient to pay the wages of the contractor's employés and pay him day wages was founded on sufficient consideration.

2. EVIDENCE—WRITTEN CONTRACT—VARYING BY PAROL—CONSIDERATION.

On the back of a written building contract was indorsed a memorandum, signed by the parties, stating that in consideration of the fear that the contract price would not compensate the contractor, the owner agreed to increase the contract price in a certain amount. *Held*, that parol evidence was admissible to show that prior to making the indorsement the contractor had refused to complete the contract, the consideration of a written agreement being provable by parol.

3. TRIAL—QUESTIÓN FOR JURY.

Where the defendant did not request the trial judge to submit to the jury the issue of a consideration for the contract upon which suit was brought, and the testimony of plaintiff showing a consideration was corroborated and undisputed, there was no error in treating it as a fact conclusively established.

4. SAME.

In an action on a substituted contract, testimony of plaintiff that defendant claimed, after the new contract was made, that plaintiff was working under the old contract, does not require that the question which contract governed the work should be submitted to the jury, it being clear that plaintiff did not assent to the claim of defendant and that the claim was unwarranted.

5. SAME—INSTRUCTIONS—MISLEADING EFFECT.

In an action on a substituted contract under which plaintiff was to have such an increased price as would insure him day wages, an instruction that it was not a question whether he built the building according to the original agreement, because that agreement was waived by the later one, is not misleading as tending to induce the jury to believe he was

not bound to comply with the original contract, since, as fairly construed, the substituted contract provided that plaintiff was not entitled to any additional compensation if that named in the original contract was sufficient.

Error to Shiawassee; Smith, J. Submitted November 15, 1906. (Docket No. 50.) Decided February 5, 1907.

Assumpsit by John Scanlon against John Northwood upon a building contract. There was judgment for plaintiff, and defendant brings error. Affirmed.

*John T. McCurdy*, for appellant.

*Watson & Chapman*, for appellee.

CARPENTER, J. January 27, 1904, plaintiff and defendant executed a written contract whereby the former agreed to do the mason work, the lathing, and plastering of a house, to be built for the latter, for the sum of $500. June 21, 1904, while the work was progressing, and after plaintiff had received $270, the parties executed another writing whereby, in consideration "of fear that the contract price * * * viz., $500.00, would not be sufficient to compensate him" (plaintiff), defendant agreed to pay plaintiff "such sum of money after the contract price is exhausted, as will insure to him after the payment of all help employed by him * * * the usual or going day wages paid to others for performing like work." Plaintiff having completed the work brought this suit to recover compensation.

1. The important question is whether the writing of June 21st constituted a binding contract. The circuit judge held that it did. Defendant contends that this holding was erroneous upon the ground that, plaintiff being obligated to do the work for $500, there was no consideration for his (defendant's) agreement to pay more than $500. The testimony of plaintiff—and this testimony was corroborated by another witness and was not contradicted—tends to prove that, immediately before that writing was

made, the parties had a conversation in the course of which plaintiff informed defendant that he "would not work any longer on the old contract." This brings the case within the principle of *Blodgett* v. *Foster*, 120 Mich. 392, and compels us to hold that there was a consideration for defendant's agreement. See, also, *Goebel* v. *Linn*, 47 Mich. 489; *Moore* v. *Locomotive Works*, 14 Mich. 266.

2. Defendant contends that plaintiff's testimony above stated tended to vary the terms of the writing of June 21st, and was therefore inadmissible. We think this testimony was admissible under the familiar rule which permits the consideration of a written agreement to be proved by parol testimony. 17 Cyc. p. 648.

3. Defendant also contends that the trial court erred in not leaving to the jury the question of the existence of a consideration for defendant's agreement. Defendant did not request the trial judge to submit this issue to the jury, and, as already indicated, the testimony of plaintiff relative to the consideration was corroborated and undisputed. Under the circumstances we think it was not error for the court to dispose of it as a fact conclusively established.

4. It is contended that the trial court should have permitted the jury to determine whether the work was done under the old contract or under the contract of June 21st. This contention is made because plaintiff testified that defendant claimed, after the new contract was made, that he (plaintiff), was working under the old contract. It is quite clear that plaintiff did not assent to this claim of defendant and that the claim was unwarranted.

5. The trial court charged the jury:

" It isn't a question of whether he built the building according to the contract (the original contract)   *   *   * because that contract was waived when this (the contract of June 21st) was signed."

It is claimed that this was erroneous, because it had a tendency to induce the jury to believe that plaintiff was not bound to comply with the original contract, whereas

"the first consideration was, Could the work have been performed within the contract price of $500 and net Scanlon day wages?" We think this criticism unwarranted. The statement under consideration, indicating (and very properly indicating) as it does that the rights of the parties are governed by the contract of June 21st, clearly implies—as that contract fairly construed provides—that plaintiff is not entitled to additional compensation if $500 is sufficient.

No other question demands consideration.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.