[No. 7071. Decided February 5, 1908.]

L. M. HIDDEN *et al.*, *Respondents*, v. GERMAN SAVINGS AND LOAN SOCIETY, *Appellant*.[1]

ACCORD AND SATISFACTION — PART PAYMENT — CONSIDERATION — ESTOPPEL. Where a mortgagee deemed himself insecure by reason of large accumulations of overdue interest, and agreed to remit a portion of the interest and reduce the rate thereafter in consideration of payment of a part of the interest then due, he cannot, after accepting the payment, and after the lapse of three years and the acceptance of interest at the reduced rate, assert the invalidity of the original agreement for want of consideration.

CHATTEL MORTGAGES—EXPENSE OF INSURANCE—TENDER. Where a chattel mortgage contained no provision requiring the mortgagors to keep the property insured, and there was no collateral agreement to that effect, a tender of the amount due the mortgagee need not include the expense of insurance procured by him.

[1]Reported in 93 Pac. 668.

Tender — Bills and Notes — Medium of Payment — Estoppel. Where tender of a draft of the amount due on a note payable in gold coin is not objected to at the time upon that ground, it cannot afterwards be urged that the tender was insufficient because not made in gold.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered April 4, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to cancel a promissory note and a mortgage. Affirmed.

*Milton W. Smith,* for appellant.

*H. W. Arnold,* for respondents.

Rudkin, J.—On the 25th day of April, 1893, O. M. Hidden, Margaret Hidden, L. M. Hidden, Mary Hidden, and Arthur W. Hidden executed their promissory note in favor of the defendant, the German Savings and Loan Society, for the sum of $20,000, payable five years after date, with interest from date until paid at the rate of 7 per cent per annum, payable quarterly. On the same date, for the purpose of securing the payment of the promissory note according to its terms, the makers executed and delivered to the payee their indenture of mortgage on certain hotel property owned by them in the city of Vancouver, Clarke county. On the 21st day of February, 1898, the makers executed and delivered to Louis J. Goldsmith, as trustee, a chattel mortgage on the furniture and fixtures in the hotel situated on the lots covered by said first mentioned mortgage as additional security for the payment of $2,727.02, overdue interest on the loan. On the 1st day of January, 1902, interest was overdue and unpaid on the principal note to the amount of $4,947.88, and on or about that date the defendant agreed to accept the sum of $3,447.88 in full of all interest to January 1, 1902, and to reduce the rate of interest to five per cent per annum thereafter, on condition that the back interest was promptly paid. The plain-

tiff accepted the offer and paid the amount specified on the
27th day of January, 1902, receiving from the defendant a
receipt acknowledging payment in full of all interest to Janu-
ary 1, 1902, as agreed.  For upwards of three years there-
after the plaintiffs promptly paid the interest on the loan at
the reduced rate and the defendant accepted such payments,
receipting in full for all interest accruing during the periods
covered by the respective payments.  On June 8, 1905,
$10,000 was paid on the principal of the note, and on Octo-
ber 30, 1905, the further sum of $10,131.94 was tendered by
draft, in full of the balance on the principal sum due and all
accrued interest to that date at the reduced rate agreed upon
by the parties.  The tender was rejected, and the present
action was thereafter instituted to cancel the note and mort-
gage, and for other relief.

The complaint alleged that the plaintiffs were the succes-
sors in interest to the original mortgagors and this allega-
tion was denied by the answer, but in view of the conclusion
we have reached on the merits of the case, this question be-
comes immaterial.  The court below made findings in favor of
the plaintiffs and gave judgment according to the prayer of
the complaint.  From the judgment so rendered the defend-
ant has appealed.

While the appellant rejected the tender of October 30,
1905, for the reason that the respondent refused to repay
certain sums paid out by the appellant for insurance on the
personal property covered by the chattel mortgage above
referred to, at the trial in the court below, and again in this
court, it contended that the tender was insufficient for the
following reasons:  First, because the agreement of January
1, 1902, to accept a lesser amount in full satisfaction of the
interest then overdue was without consideration; second, be-
cause the respondent failed to tender the amounts paid out
by the appellant for insurance on the personal property cov-
ered by the chattel mortgage; and, third, because the note

called for payment in gold coin at San Francisco, and the tender by draft was not in accordance with the agreement of the parties. Other minor questions are discussed in the briefs, but we find them without merit.

With these several contentions we cannot agree. (1) At the time the appellant agreed to remit the sum of $1,500 from the amount of the unpaid interest, both principal and interest were long overdue. At that time it doubtless deemed itself insecure, else the remission would not have been made. The respondents were then at liberty to suffer the mortgage to go to a foreclosure and permit the appellant to recover its indebtedness as it then stood as best it could. But in reliance on the promise made, the respondents continued in possession of the property and paid not only the overdue interest which they were already obligated to pay but additional interest under the modified agreement to the amount of more than $3,000. This interest was accepted by the appellant, and the agreement of January 1st, 1902, was fully acquiesced in by both parties until a dispute arose between them over the payment of certain insurance premiums. After the respondents had thus changed their position, and after the agreement had thus been executed and acquiesced in for such a length of time, it certainly does not lie with the appellant to say that the original agreement was without consideration or void. (2) The chattel mortgage contained no provision requiring the mortgagors to keep the property insured, or authorizing the mortgagee to procure insurance at their expense. The court below found that there was no collateral agreement to that effect, and such finding is sustained by the testimony. (3) While the note required payments to be made in gold coin at the appellant's office in San Francisco, the tender was not refused because not so made, and this requirement of the contract was not insisted upon in the case of any prior payment. Under such circumstances it would be highly inequi-

table to permit such a technical objection to be raised or suggested for the first time by answer.

Finding no error in the record the judgment is affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, CROW, and ROOT, JJ., concur.