[No. 12069.  Department One.  January 11, 1915.]

## M. P. ZINDORF et al., *Appellants*, v. J. B. TILLOTSON et al., *Respondents*.[1]

APPEAL—REVIEW—HARMLESS ERROR—PLEADINGS — WAIVER OF OB-JECTIONS. Under Rem. & Bal. Code, § 307, requiring the supreme court to disregard all errors on appeal which do not affect the substantial rights of the complaining party, the failure of the defendant to designate his affirmative defense as a cross-complaint or counterclaim should be deemed harmless error, where his prayer was for the aggregate of the compensation and damages claimed, and the case was tried upon the merits after the plaintiffs had joined issue upon such affirmative matter.

CONTRACTS—MODIFICATION — PROMISE OF EXTRA COMPENSATION—CONSIDERATION. Although a subcontractor has contracted to do the grubbing as a part of the excavation in highway construction, the contractor's subsequent promise to pay additional compensation for excess grubbing is based upon a valid consideration, when the contract had been made with the understanding that the grubbing

[1]Reported in 145 Pac. 587.

would not exceed a certain amount and on discovery of the discrepancy the contractor requested his subcontractor to complete the grubbing and agreed to pay the reasonable value thereof.

FRAUD—MISREPRESENTATIONS—EVIDENCE—SUFFICIENCY. In an action by a subcontractor against the principal contractor to recover the value of excess work on a road contract, fraud on the part of the latter is sufficiently shown, where it appears that the latter was an experienced road builder, knew the nature of the clearing and grubbing to be done, and the prices for which it could be profitably done; that he knew the necessary amount of grubbing would equal at least twenty acres, but represented to the subcontractor that he had personally examined the road and there was about nine or nine and one-half acres of grubbing; that the subcontractor was less capable and experienced, and without sufficient time to carefully examine the nature and extent of the work before entering into the contract, and relied upon the representations of the principal contractor; and that there were in fact twenty-five acres of grubbing in excess of the representations of the latter.

CONTRACTS—EXTRA WORK—REASONABLE PRICE—EVIDENCE—SUFFICIENCY. In an action by a subcontractor to recover the reasonable cost of grubbing in road construction work, on the principal contractor's promise to pay therefor, in which the evidence varied from $65 to $263.97 per acre, the contract price of the principal contractor, who knew the prices at which such work could be profitably done, to do the work at $110 per acre, is a fair basis upon which to establish the reasonable value of the work.

Appeal from a judgment of the superior court for Pacific county, Back, J., entered January 23, 1914, upon findings in favor of the defendants, in an action on contract, tried to the court. Modified.

*O'Phelan & Murray* and *McClure & McClure*, for appellants.

*Welsh, Welsh & Richardson* and *Stapleton & Sleight*, for respondents.

GOSE, J.—This controversy arose between the plaintiffs, as contractors, Pacific county, certain lien claimants, and the defendant J. B. Tillotson, a subcontractor. The plaintiffs were dissatisfied with the judgment, and have appealed.

The following are the facts: On July 3, 1911, the appel-

lants entered into a contract with Pacific county, whereby they agreed to construct a section of state road No. 5. On July 18, they made a subcontract with the respondent, wherein he agreed to supply the labor, material, and equipment for the construction of the road, excepting piling, cedar posts, sills, culverts, curbing, planking, and bridges. The respondent did not pay all his bills for labor and material, and claims were filed with the board of county commissioners against the contract and bond. The commissioners thereupon refused to make the final payment to the appellants and they commenced this action against the respondent, the surety on his bond, Pacific county, and all persons who had filed claims against the work.

After putting in issue certain matters alleged in the complaint, the respondent, for a further and separate answer and defense, alleged, among other things, that he contracted to do the excavating, including grubbing, at an agreed price of twenty-three and three-fourths cents per cubic yard, believing and relying upon the express representation of the appellants that the grubbing would not exceed ten acres; that it comprised thirty-five acres, a fact known to the appellants prior to and at the time of the execution of the subcontract; that the respondent had no personal knowledge of the amount of grubbing; that the appellants' representation as to the number of acres to be grubbed was made for the purpose of deceiving the respondent and inducing him to enter into the contract; that as soon as the respondent learned that there was more than ten acres of grubbing, he notified the appellants and demanded that they arrange for doing the excess grubbing; that the appellants thereupon requested the respondent to complete the grubbing, and agreed to pay him the reasonable value thereof; that he completed the grubbing and that the excess, amounting to twenty-five acres, was reasonably worth $8,000. The appellants joined issue upon these allegations. They made no objections to

the pleadings in the lower court, by motion, demurrer, or otherwise.

They now contend that the affirmative defense cannot be treated as a counterclaim or cross-complaint, and have cited authorities from other jurisdictions to sustain their view. The case was tried upon the merits after the appellants had joined issue upon the affirmative matter pleaded, and the objection comes too late to merit serious consideration. Our statute, Rem. & Bal. Code, § 307 (P. C. 81 § 303), requires us to disregard all errors which do not affect the substantial rights of the complaining party. *Maxwell v. Dimond, ante* p. 30, 145 Pac. 77.

The failure of the respondent to designate the affirmative defense as a counterclaim or cross-complaint, and to pray for separate relief, in no way imperiled the substantial rights of the appellants. The two affirmative defenses were pleaded, and the prayer was for the aggregate of the compensation and damages claimed.

It is argued that the respondent had contracted to do the grubbing as a part of the excavation, and that the appellants' promise to pay for the excess grubbing was without consideration. This question is no longer a debatable one in this state. We held to the contrary in *Evans v. Oregon & Wash. R. Co.*, 58 Wash. 429, 108 Pac. 1095, 28 L. R. A. (N. S.) 455. A like view was announced in *Blodgett v. Foster*, 120 Mich. 392, 79 N. W. 625; *Scanlon v. Northwood*, 147 Mich. 139, 110 N. W. 493; *Linz v. Schuck*, 106 Md. 220, 67 Atl. 286, 124 Am. St. 481, 11 L. R. A. (N. S.) 789; *Domenico v. Alaska Packers Ass'n*, 112 Fed. 554.

We will consider the questions of fraudulent representations and the appellants' promise to pay for the excess grubbing together. The appellants' contract with the county was upon a unit basis. The county agreed to pay them, for clearing, $125 per acre; for grubbing, $110 per acre; for easy excavation, thirty-one cents per cubic yard; for rock work, $1.20 per cubic yard. The appellants agreed to pay

the respondent as follows: For clearing, $65 per acre; for excavation, which included grubbing except solid rock, twenty-three and three-fourths cents per cubic yard; solid rock, eighty-five cents per cubic yard. The court found that the appellant Zindorf is a capable, experienced road builder; that he knew the nature of the clearing and grubbing to be done in the construction of the road; that he knew the prices for which such work could be profitably done by experienced contractors; that the respondent had but slight experience in such work "and was much less capable and experienced" therein than the appellants; that Zindorf represented to respondent that he had personally examined the road and that there would be about nine or nine and one-half acres of grubbing; that he requested the respondent to make his bid so that the work of excavation would include grubbing; that Zindorf then knew that there was more than twice the amount of grubbing he had represented; that he misrepresented the amount of grubbing purposely and with the intention of deceiving the respondent and of inducing him to enter into the subcontract; that the respondent relied upon his representations and contracted upon the belief that they were true; that respondent made a casual examination of the route of the road from the platform of a railroad train which ran parallel with the road, but that he did not examine the work with a view to estimating the quantity of grubbing.

The court further found that, after respondent had completed grubbing nine and one-half acres and had found that there was much more grubbing to be done, he notified the appellants that he had completed the grubbing which he had agreed to do, and told them that if he did any more grubbing it would be done at the cost of the work plus ten per cent; that otherwise he would do no more grubbing, and that it was then mutually agreed between them that the respondent should complete the grubbing and the appellants would pay him for all grubbing in excess of nine and one-half acres, and that the excess was twenty and four-fifths acres.

A discussion of the evidence upon which these findings were based would be profitless. We have read both abstracts of the testimony. The appellant Zindorf knew before the subcontract was made that the county engineer of Pacific county had estimated the grubbing at twenty acres. Despite this knowledge, he wrote the respondent, before the subcontract was made, that it was between nine and ten acres. Zindorf knew that the respondent's time for making his bid was so limited that he could not go over the work and estimate the quantity of grubbing to be done with any degree of accuracy. The parol testimony is in direct conflict, but viewed in the light of all the attending circumstances, we cannot say that the court did not correctly interpret the evidence.

The court found that the subcontract provides that the respondent shall be paid for all extra work on forced account the actual cost of the work plus five per cent; that the actual cost of the grubbing was $263.97 per acre, which with five per cent added makes $277.17 per acre, which is "a reasonable sum" for the appellants to pay for the excess grubbing.

Upon this subject the appellant Zindorf testified that the reasonable cost of the grubbing was fifty dollars an acre. The county engineer of Pacific county said that the reasonable value of the grubbing "for the average" was $75 per acre. Another witness, whose qualifications were admitted and who knew the character of the timber, testified that the reasonable cost of the grubbing would average about $65 per acre. Another witness, whose qualifications were admitted, and who was also familiar with the road and who said that he took particular notice of the soil and the timber, placed the reasonable cost of the grubbing at $75 to $80 per acre. The respondent and one or two witnesses fixed the value of the grubbing in harmony with the finding of the court. It may have cost the respondent that price per acre. It will be remembered that the court found that the appellant Zindorf is a capable, experienced road builder; that the re-

spondent had had limited experience in road work through timber; that Zindorf knew the nature of the clearing and grubbing to be done in the construction of the road, and that he knew the prices at which such work could be profitably done. He had contracted to do the grubbing at $110 per acre. The respondent testified that, at the termination of a heated controversy over the excess grubbing, Zindorf said to him, "There is no use rowing about this thing. You go ahead and do the grubbing and we will adjust it." This language we have construed as creating a new contract. In effect Zindorf said to the respondent, We will pay you a reasonable price per acre for the excess grubbing. It will be remembered that the respondent under the subcontract received $65 per acre for clearing. In the light of all the evidence and the finding of the court, which we have adopted, as to the knowledge and experience of Zindorf of the nature and character of such work and the reasonable price at which it could have been performed, we think $110 per acre is a reasonable price for the excess of twenty and four-fifths acres.

The cause is remanded with directions to modify the judgment accordingly.

CROW, C. J., CHADWICK, MORRIS, and PARKER, JJ., concur.