[No. 16347.   Department Two.   October 21, 1921.]

ELLA P. CONLAN, *as Executrix etc., Appellant,* v. SPOKANE HARDWARE COMPANY, *Respondent.*[1]

WITNESSES (44)—COMPETENCY—TRANSACTION WITH PERSON SINCE DECEASED—CORPORATION AS PARTY. Under Rem. Code, § 1211, excluding evidence by a party in interest of transactions had with a deceased person, where the personal representative of the latter sues or defends, an officer and stockholder of a corporation holding as lessee of the deceased cannot testify to an agreement whereby the deceased agreed to accept a lesser sum than that provided in the written lease as rental.

LANDLORD AND TENANT (12-1, 115)—LEASE—MODIFICATION—EVIDENCE—SUFFICIENCY. A modification of the rental charge under a written lease is sufficiently shown by evidence that the lessee would have ceased to do business as a going concern and been forced into insolvency if the rent had not been reduced, resulting in the loss of defendant as a tenant, of which facts the landlord had knowledge; and that payments were made for a smaller rental by checks indorsed "rent paid in full to date," which were accepted by the landlord without question until a disagreement arose between the parties over the terms of a renewal of the lease.

ACCORD AND SATISFACTION (4)—LANDLORD AND TENANT (102)— RELEASE OF LIABILITIES — REDUCTION IN RENTAL — CONSIDERATION —

[1]Reported in 201 Pac. 26.

MUTUAL PROMISES. An agreement to reduce the rent is supported by a valid consideration where a written contract of lease is modified by the substitution of an oral agreement for a lesser rental, and there were mutual promises made by one to pay, and by the other to accept, a lesser sum for the purpose of continuing the relation, which would otherwise be abrogated by reason of the inability of the lessee to pay the rental as originally agreed.

FRAUDS, STATUTE OF (51)—OPERATION—CONTRACTS PERFORMED. An oral contract modifying the terms of a written lease, whose term extends longer than one year, cannot be repudiated by either party after it has become an executed contract by performance.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered October 4, 1920, upon findings in favor of the defendant, in an action for rent, tried to the court. Affirmed.

*McWilliams, Weller & Brown* and *Ferris & Ferris,* for appellant.

*Graves, Kizer & Graves,* for respondent.

FULLERTON, J.—On February 1, 1910, one Celia M. Conlan, being then the owner of a certain lot in the city of Spokane, on which there was a store building, leased the same to the respondent corporation, Spokane Hardware Company, for a term of ten years, at a monthly rental of one thousand dollars, payable in advance on the first day of each and every month. The lease contained the usual covenants, one of which was that the failure to pay the rent reserved at the time it became due worked a forfeiture of the lease. The respondent entered into possession of the property pursuant to the authority conferred by the lease and occupied it during the entire term.

Shortly after the execution of the lease, the lessor sold and conveyed the leased premises to one Thomas F. Conlan, and Conlan, during the remainder of the term of the lease, stood as landlord to the respondent. The rental was not paid according to conditions of

the lease. By the terms of the lease, the rental reserved amounted to the sum of $120,000. Of this sum the lessee actually paid $87,400; and these payments were not made as they became due, but usually in lesser payments during the months in which they accrued, and occasionally long after their accrual. No forfeiture of the lease was ever declared. In two instances, during the earlier part of the term, agreements in writing were entered into between the landlord and the tenant by which a lesser sum than the rent reserved in the lease was agreed to be paid and accepted in full for rentals for stated periods, and thereafter, so it is contended by the respondent, oral agreements were entered into, similar in their purport and effect to the written agreements, under which lesser sums were paid and accepted in full satisfaction of the rental due; these sums varying in amount as business depressions and other causes lessened the earning capacity of the respondent as a business concern.

Shortly prior to the termination of the lease, Thomas F. Conlan instituted the present action to recover the difference between the stipulated rental and the amount paid, except in so far as rental unpaid was covered by the written agreements mentioned. By a supplemental complaint, filed after the termination of the term, the amount demanded was made to include the full term, the sum for which judgment was asked being $25,600, with interest. Before the cause was tried in the lower court, Thomas F. Conlan died, and, upon a showing of the fact, his executrix, Ella P. Conlan, was substituted as plaintiff in his stead. The cause was tried by the lower court sitting without a jury, and resulted in a judgment denying a recovery. This appeal is from the judgment so entered.

The pleadings as framed by the parties reduced the actual controversy to the single question whether there had been an oral modification of the terms of the lease relative to the amount of rent reserved. On the question, the respondent had the burden of proof, and the evidence consists of that offered by the respondent, the appellant resting its side of the case on the record as it was thus made.

In this court the appellant makes two principal contentions: first, that much of the evidence introduced on behalf of the respondent was inadmissible, and that, with this eliminated, there is not sufficient evidence remaining to show a modification of the written agreement; and second, that the evidence fails to show a consideration sufficient to support the agreement to modify, conceding that such an agreement was made.

As to the first of the contentions urged, we agree with the appellant that certain of the offered testimony was improperly admitted, and cannot be considered in determining the question of the sufficiency of the evidence. The transaction with Conlan, by which the agreement to accept a lesser sum as rental than that provided for in the written lease was had by an officer and stockholder of the respondent as its representative, and he was permitted to testify to the transaction and to statements made by Conlan in the course of the transaction. We think the stockholder was disqualified under the statute (Rem. Code, § 1211; P. C. § 7722) which excludes a party in interest from giving evidence of transactions had with, or of statements made by, a deceased person, where the adverse party sues or defends as his executor, administrator or as his legal representative.

We cannot, however, agree with the contention that, excluding this evidence, enough does not remain to

support the judgment. It would serve no useful purpose to review the evidence at length. Enough is shown to make it clear that, without the reduction in the rental, the defendant would early have been forced into insolvency and would have ceased doing business as a going concern. It clearly appears also that the landlord knew of this condition, and knew that an attempt to enforce the agreement as written would result in the loss of the respondent as a tenant and the loss to him of any benefit from the contract of lease. The delinquencies, if they were such, extended over a long period of time. The payments made were by check, and these, at stated intervals, have the endorsement, ''Rent in full to date.'' No protest against the endorsements was made, or demand for the contract rental made, until near the close of the term, and this only after a disagreement had arisen between the parties over a renewal of the lease. To our minds, the evidence points with unerring certainty to something more than mere forbearance; it points to a modification of the contract.

The objection that the agreement to reduce the rental was void for want of consideration is also without foundation. When a tenant refuses for any cause to pay rentals according to the terms of the contract of lease, the landlord has an option as to the course he will pursue. He may stand on the contract and take the remedies the law applicable to the contract affords him, or he may treat the contract as abrogated and enter into new contract with the tenant. If he does the latter, the mutual promises made by the one to the other furnish the consideration for the agreement. It may be that, in this instance, since the contract of reduction was oral and since the term extended for a longer period than one year, either party could have repudiated its further operation so long as it

was executory. But after it became an executed contract by performance, neither party could repudiate it so as to thereby acquire additional rights under it. *McInnis v. Watson,* 116 Wash. 680, 200 Pac. 578.

In the early case of *Brown v. Kern,* 21 Wash. 211, 57 Pac. 798, this court held that an agreement by a judgment creditor to accept from a judgment debtor, who was financially embarrassed, a less amount than was due upon the judgment in full satisfaction thereof, was an obligatory agreement supported by a sufficient consideration. In the course of the opinion we said:

"The theory of the law doubtless is that no benefit accrued to the creditor in accepting a portion of a debt where the debtor was legally bound to pay the whole debt, and that, therefore, there was no consideration for the contract made and entered into by the creditor and debtor for the satisfaction of the judgment or debt by the payment of a part of the same. For many years, however, courts have been dissatisfied with this rule and have refused to extend the doctrine, but have sought to restrict the operation of the rule whenever it was possible. It is certainly not in accordance with ethics, and ought not to be in accord with the rules of law, to allow a creditor to enter into a contract to compromise his debt or judgment, and by reason of that compromise receive an amount of money which he could not have received except through the medium of a compromise, and then allow him to violate his contract on the plea of want of consideration and still retain the fruits of the agreement which he made to compromise. Pleas of want of consideration are not favored by the law, especially where the relative positions of the parties have been changed by the transaction. To avoid this rule, as we have before observed, courts have decided—and sometimes the logic of the discrimination is hard to perceive—that a consideration will be presumed, if a partial payment is made by the payment of a portion of the amount agreed upon and the note of a third person taken for the balance.

Some courts have even gone so far as to hold that the acceptance of a check, or the note of the debtor for a portion of the debt, which check or note was afterwards paid, was sufficient to raise presumption of a consideration; but it is difficult to understand why a check or a note would be any more valuable than money in the amount for which the note or check was drawn. This simply goes to show the disfavor in which the rule is held, and it might be better to change the rule in a straightforward manner than to seek to destroy its operation by illogical discriminations. However, in this case it is not necessary to go so far as to overturn the established doctrine, for the reason that, under the findings of fact, which are binding upon this court, it appears that the defendant Ridpath was unable to pay this judgment. The creditor then had a judgment which was worthless in the eyes of the law, and it was certainly a consideration to him to obtain a portion of that judgment."

To the same effect are the following cases: *Williams v. Blumenthal*, 27 Wash. 24, 67 Pac. 393; *Russell & Co. v. Stevenson*, 34 Wash. 166, 75 Pac. 627; *Hidden v. German Sav. & Loan Soc.*, 48 Wash. 384, 93 Pac. 668; *Evans v. Oregon & Washington R. Co.*, 58 Wash. 429, 108 Pac. 1095, 28 L. R. A. (N. S.) 455; *Zindorf v. Tillotson*, 83 Wash. 472, 145 Pac. 587.

These cases cannot be differentiated in principle from the case before us. They lay down the rule that an obligee who agrees to accept and accepts something less from an obligor than full satisfaction of an obligation, rather than take a doubtful chance of enforcing full performance, is bound by his agreement.

The judgment is affirmed.

PARKER, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.